IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior United States District Judge**

Civil Action No.  10-cv-02501-WYD-KLM

RAYMOND WAGNER,

    Plaintiff,

v.

STEVE HARTLEY;
TRAVIS TRANI;
JAMES FOX;
ROBERT KAHANIC;
ANTON EVANS;
SUSAN BUTLER; and
SHERWYN PHILLIPS,

    Defendants.

**ORDER**

    This matter is before the Court on a review of Defendants' Motion for Summary Judgment.  I note that Defendants have posed an objection to the declarations and exhibits attached by Plaintiff to his response brief, and the objection may have merit.

    In that regard, the initial declaration attached by Plaintiff is not personally signed by him; instead, there is only an electronic signature.  This is not appropriate, as an affidavit filed in this court requires an ink-signed version to be valid.  *See* Electronic Case Filing Procedures for the District of Colorado (Civil Cases), Rule 5.3(F).  Other declarations attached by Plaintiff are also unsigned.  Unsigned affidavits and declarations do not constitute evidence that may be considered by the Court.  *See*

*Flemming v. Corrections Corp. of* Am., 143 F. App'x 921, 925 n. 1 (10th Cir. 2005); *see also* 28 U.S.C. § 1746.

Plaintiff's declaration also attempts to incorporate the facts in an attached draft prisoner complaint that was never filed. The draft complaint is undated, unsigned and unsworn and would, thus, not be admissible at trial. It is well settled that a court can consider only admissible evidence in connection with a summary judgment motion. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209 (10th Cir. 2010). I also question whether Plaintiff can simply incorporate the facts into his declaration, as he attempted to do. Further, Plaintiff has not shown how the facts in the draft complaint would be presented at trial in a form that is admissible. *See Mitchell v. Zia Park, LLC*, 842 F. Supp. 2d 1316, 1321-22 (D.N.M. 2012) ("[i]f an objection is made to an exhibit, the proponent of the exhibit [may] . . . correct the problem leading to the objection [or] . . . explain how the contents of the exhibit will be submitted at trial so that the information is admissible"). Based on the foregoing, it appears that the declarations and the attached draft complaint are not admissible for purposes of summary judgment.

I note, however, that pursuant to the revisions of Fed. R. Civ. P. 56 in 2010, the requirement that all documents be authenticated was deleted and it was replaced "with 'a multi-step process by which a proponent may submit evidence, subject to objection by the opponent and an opportunity for the proponent to either authenticate the document or propose a method ... [for] doing so at trial.'" *Alfonso v. SSC Pueblo Belmont Operating Co., LLC*, No. 11-cv-01186-PAB-KLM, 2012 WL 2863128, at *1 (D. Colo. July 11, 2012) (quotation omitted). The proponent of the exhibit may do this

by correcting the problem leading to the objection or "explain how the contents of the exhibit will be submitted at trial so that the information is admissible." *Mitchell v. Zia Park, LLC*, 842 F. Supp. 2d 1316, 1321-22 (D.N.M. 2012).

In this case, since Defendants' objection was raised in the reply brief, Plaintiff has not had an opportunity to either authenticate his exhibits or propose a method for doing so at trial. I find that Plaintiff should be given such an opportunity before the summary judgment motion is ruled on. As noted in the *Mitchell* case, "[w]hile it may seem picayune to require a party to fully explain admissibility, granting summary judgment on the basis of evidence that a party has not demonstrated will be admissible would do a grave injustice to the nonmoving party." 842 F. Supp. 2d at 1322. Accordingly, it is

ORDERED that by **Friday, January 25, 2013**, Plaintiff may either authenticate the exhibits attached to his Response to Defendants' Motion for Summary Judgment or propose a method for doing so at trial.

Dated: January 10, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge